UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HERSCHEL W. [1], | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 3:22cv298 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

2. The claimant has not engaged in substantial gainful activity since October 15, 2020, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: schizophrenia, depression, anxiety, and type II diabetes mellitus with gastroparesis episodes (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift, carry, push, and/or pull up to fifty (50) pounds occasionally and up to twenty-five (25) pounds frequently; stand and/or walk for up to six (6) hours of an eight-hour workday and to sit for up to six (6) hours of an eight hour workday; can frequently perform postural maneuvers; can have no concentrated exposure to workplace hazards, such as dangerous moving machinery or unprotected heights; can occasionally have contact with co-workers and supervisors, but cannot perform tandem work or team tasks; can have no interaction with the public; can understand, remember, and carry out instructions and exercise judgment to perform only simple tasks; can only perform work that is routine and repetitive in nature, performing essentially the same tasks in the same place every day; cannot perform assembly line-paced work or work with strict hourly production quotas; and cannot operate a motorized vehicle as part of work duties.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 10, 1975 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2020, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 12-20).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on October 13, 2022.  On January 11, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on February 9, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled.  *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ failed to properly evaluate his mental impairments. In evaluating Plaintiff's mental impairments, the ALJ considered Listing

4

12.03 for schizophrenia, 12.04 for depression, and 12.06 for anxiety (Tr. 14). The ALJ considered the four broad areas of mental functioning applicable to each listing, known as the "paragraph B" criteria (Tr. 14). He found that Plaintiff had a mild limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a moderate limitation in adapting or managing himself (Tr. 14). Plaintiff contends that the ALJ's evaluation of the paragraph B criteria was inadequate. He argues that the ALJ improperly discussed all of the broad areas of functioning within one paragraph, without sufficient elaboration. This paragraph is as follows:

> These four areas of mental functioning, known as the 'paragraph B' criteria, are: understanding, remembering, or applying information, in which the claimant is mildly limited; interacting with others, in which the claimant is moderately limited; concentrating, persisting, or maintaining pace, in which the claimant is moderately limited; and adapting or managing oneself, in which the claimant is moderately limited. The claimant said that he has difficulties remembering generally, following complex or multi-step instructions, taking medications without reminders, getting along with others, dealing appropriately with authority, concentrating generally, focusing generally, handling change, managing his mood, and handling stress and changes in routine. However, the claimant could go to doctor's appointments, shop, drive, play games, watch TV, complete activities of daily living, handle self-care and personal hygiene, and spend time with others in person, on the phone, and texting. Further, medical records reveal that the claimant could provide information about his health, describe his prior work history, had intact recent and remote memory, respond to questions from medical providers, and had appropriate grooming and hygiene (Exhibits B3E; B7E; Hearing Testimony). Because the claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation, the "paragraph B" criteria are not satisfied.

(Tr. 14).

The Commissioner notes in response that there is no requirement in the regulations that the ALJ elaborate on the paragraph B criteria, and that the Court may look to the decision as a whole for further discussion of the criteria. While other areas of the ALJ's decision discusses

5

Plaintiff's ability to work at McDonalds part time, his treatment records in 2020 and 2021, and an emergency room psychiatric examination in which Plaintiff was determined to have depression and inattention but otherwise normal behavior and thought content, the decision as a whole does not give a sufficient discussion of the paragraph B criteria such that this Court can say with any level of confidence that the ALJ properly analyzed the paragraph B criteria.  Thus, remand is warranted on this issue.

Plaintiff next argues that the ALJ erred in the evaluation of the opinions of his treating providers, Dr. John Kelly and NP Kelly Clark. With respect to NP Clark, it is clear that the ALJ failed to consider her evaluations and assessments of Plaintiff's abilities, which likely would impact the RFC.  Additionally, there appears to be confusion in the decision as to whether several nurse practitioners were working under the supervision of Dr. Kelly, and how often Dr. Kelly saw Plaintiff.  This confusion needs to be cleared up so that Dr. Kelly's opinions can be given appropriate weight.  Therefore, remand will be ordered on this issue.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

 Entered: February 13, 2023.

>                        s/ William C.  Lee
>                        William C. Lee, Judge
>                        United States District Court